IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LUDRICK JOSEPH, <br> Reg. No. 19759-104, <br><br> Petitioner, <br><br> v. <br><br> ALAN COHEN and UNITED STATES OF AMERICA, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:22-CV-421-MHT-KFP <br> ) <br> ) <br> ) <br> ) <br> ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.     INTRODUCTION**

Before the Court is Ludrick Joseph's pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. At the time of filing, Joseph was a federal prisoner at Maxwell Federal Prison Camp in Montgomery, Alabama. He alleges the Federal Bureau of Prisons ("BOP") miscalculated his release date by failing to award him earned time credit under the First Step Act of 2018 ("FSA"),[1] thereby extending the term of his incarceration. Doc. 1. According to Joseph, after implementation of the FSA, he earned 828 days of earned time credit, which equates to a reduction of "414 actual days off of [his] prison sentence, community confinement and/or supervised release." *Id.* at 2. For relief, he requests the Court to direct the BOP to comply with the FSA to reduce his sentence by 414 days, making

---

[1] *See* First Step Act of 2018, PL 115–391, December 21, 2018, 132 Stat. 5194.

him eligible for immediate release to community custody in a halfway house or at-home confinement. *Id.* at 2, 11.

## II.   FACTUAL BACKGROUND

The United States District Court for the Southern District of Florida convicted Joseph of violating 18 U.S.C. § 1029, Fraud Access Devices; 18 U.S.C. § 1029(A)(3), Possession of 15 or More Unauthorized Access Devices; 18 U.S.C. § 1028, Fraud Identity Theft; and 18 U.S.C. 1028(A)(1), Aggravated Identity Theft. Doc. 14-1 at 3–4, 9–10. On February 3, 2020, the court sentenced him to 48 months' imprisonment followed by three years of supervised release. *Id.* at 9–10. He entered BOP custody on April 12, 2021. *Id.* at 13. Joseph's full-term release date, as reflected on the public information inmate data sheet, is April 10, 2025, and his projected release date from application of FSA credits is February 24, 2024. *Id.* at 11. According to the Government, Joseph's eligibility for pre-release custody to home confinement was October 2, 2023. *Id.* at 4. The information obtained from the BOP's website shows Joseph completed his incarceration and was released from custody on October 17, 2023.[2]

## III.   PROCEDURAL HISTORY

The Government filed a response and supporting evidentiary materials arguing Joseph's Petition was due to be dismissed because he failed to exhaust available administrative remedies through the BOP and because the BOP properly calculated his

---

[2] *Available at* https://www.bop.gov/inmateloc/ (last visited February 2, 2024).

federal time credits. Doc. 14 at 7–9, 13; Doc. 14-1 at 3–6; Doc. 14-2 at 2–8. The Court granted Joseph an opportunity to reply, but he did not do so. The Petition is ripe for review.

IV. **DISCUSSION**

 A. **Jurisdiction and Venue**

A 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location, or execution of his sentence. *Lopez v. Davis*, 531 U.S. 230, 236 (2001); *McCarthen v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092-93 (11th Cir. 2017); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). Petitioner's application challenges the BOP's calculation of sentencing credits under the FSA, and those claims are considered proper under the procedural mechanism of § 2241. Likewise, venue is proper because Petitioner's custodian was located in this district when he filed his Petition. *See e.g., Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (holding that a 28 U.S.C. § 2241 petition for habeas corpus relief generally must be brought in the district court where the inmate is incarcerated).

 B. **Mootness**

To obtain relief in this action, Joseph must demonstrate he "is [currently] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under Article III, Section 2, of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988). For a live case or controversy to exist, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be

3

redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (observing that federal courts have no power to decide questions that cannot affect the rights of litigants before them). A case is moot if a court cannot give meaningful relief to a live controversy. *Soliman v. U.S. ex rel. INS,* 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted). "When effective relief cannot be granted because of later events, the [case] must be dismissed as moot." *Westmoreland v. Nat'l Transp. Safety Bd.,* 833 F.2d 1461, 1462 (11th Cir. 1987).

Joseph was released from BOP custody on October 17, 2023. Therefore, he is no longer in prison, and his ultimate objective—a transfer to a halfway house or home confinement to serve the remaining portion of his sentence—has been rendered moot. *See Bailey v. Sutherland*, 821 F.2d 277, 278 (5th Cir. 1987) (holding that appeal from denial of § 2241 application based on alleged loss of good time credits was moot where "[t]he main thrust" of petitioner's argument was to be released from confinement, so when petitioner was released court "could no longer provide him with that relief"). Because Joseph has received the relief sought in his § 2241 Petition, the Court cannot give him meaningful habeas relief on his claims.

A petitioner's release from custody after filing a § 2241 application may not automatically render a petition moot, and a court must still determine whether it may grant the relief requested. Exceptions to dismissal under the mootness doctrine exist if there are collateral consequences, *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968), or the case is capable of repetition yet evading review, *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

In this case, Joseph makes no argument, nor is there any evidence in the record, that he would suffer collateral consequences from the BOP's alleged failure to award outstanding earned time credits under the FSA. *See Spencer*, 523 U.S. at 7 (*citing Carafas*, 391 U.S. at 237-38) (explaining that "[o]nce the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained"). Additionally, there is no evidence Joseph will request application of earned time credits under the FSA to a future incarceration to trigger the "capable of repetition, yet avoiding review" exception to the mootness doctrine. *Murphy*, 455 U.S. at 482 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)) (explaining "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party"); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (holding that "remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time"). In short, "there is nothing for [this court] to remedy, even if [it] were disposed to do so."[3] *Spencer*, 523 U.S. at 18.

---

[3] Even if the Court construed Joseph's petition to include a request that outstanding or additional federal earned time credits be applied to his supervised release term, excess prison time cannot offset or reduce a term of supervised release. *United States v. Johnson*, 529 U.S. 53, 59 (2000); *see also United States v. Peters*, 856 F. App'x. 230, 233 (11th Cir. 2021) (quoting *Mont v. United States*, 587 U.S. ___, 139 S.Ct. 1826, 1833 (2019) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release because [s]upervised release has no statutory function until confinement ends."). Although Joseph references *Dyer v. Fulgham*, No. 1:21-CV-299-CLC-CHS, 2022 WL 1598249, at *3 (E.D. Tenn. May 20, 2022), where the court concluded "the unambiguous, mandatory language of the statute provides that earned-time credits may be applied to a term of supervised release," *Dyer* is not binding on this Court, and there is little consensus among other courts for the conclusion reached in *Dyer*. *See Shiflet v. Yates*, No. 2:22-CV-161-BSM-PSH, 2023 WL 2817333, at *3 (E.D. Ark. Feb. 9, 2023), *report and recommendation adopted*, No. 2:22-CV-161-BSM, 2023 WL 2813877 (E.D. Ark. Apr.

As there is no longer a case or controversy to litigate—because Joseph's request for habeas relief is moot and no exceptions to the mootness doctrine exist—his Petition is due to be dismissed. *See Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (holding habeas petition moot where petitioner attacked state's calculation of gain time credits and petitioner was no longer in custody); *U.S. ex rel. Graham v. U.S. Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where challenge to parole regulation was mooted by release on parole and a "favorable decision would not entitle [petitioner] to any additional relief").

## V. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Joseph's Petition be DISMISSED with prejudice as moot.

Further, it is ORDERED that by **February 27, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. The Court will not consider frivolous, conclusive or general objections. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive

---

6, 2023) (finding that *Dyer* "is unpersuasive and should not be followed"); *Pillow v. Bureau of Prisons*, No. 4:22-cv-00713-PSH, 2022 WL 13892877 (E.D. Ark. Oct. 21, 2022) (declining to follow *Dyer*).

the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3–1.

DONE this 13th day of February, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE